NOT FOR PUBLICATION OR CITATION

Eastern District of Kentucky
FILED
OCT 0 3 2005
AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

CIVIL ACTION NO. 05-CV-345-JMH

HENRY LEWIS, JR.                                                          PLAINTIFF

VS:                   **MEMORANDUM OPINION AND ORDER**

GARY GILKERSON, ET AL.                                     DEFENDANTS

\* \* \* \* \* \*

Henry Lewis, Jr., an individual presently confined at the Woodford County Detention Center in Versailles, Kentucky, has filed a *pro se* civil rights complaint, pursuant to 42 U.S.C. §1983, together with an application to proceed *in forma pauperis*. The motion will be granted by separate Order.

This matter is before the Court for initial screening. 28 U.S.C. §1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997).

CLAIMS

The plaintiff alleges that he is being subjected to cruel and unusual punishment in violation of the Eighth Amendment to the U.S. Constitution. He seeks damages.

DEFENDANTS

As defendants, the plaintiff has named the Woodford County Detention Center's Jailer Gary Gilkerson; Assistant Jailer Missy; Lieutenant Gary Carter; Sgt. Tamara Reynolds; Maintenance/Guard Jimmy Robinson; and Deputy/Guards Ashley Drury, Jones, William Hayes, and Casey.

## FACTUAL ALLEGATIONS

The plaintiff's allegations are varied and vague. Additionally, they all involve some form of verbal altercation. The plaintiff first alleges that on June 29, 2005, when he requested hygiene products from Jimmy Robinson, the defendant "became overly aggressive" and at a later time responded to a complaint by stating, "this is Jimmy's house and he could do what he wanted," which was said "in a threatening manner."

When the plaintiff complained that the amount of time he was able to spend studying law books was cut, he was purportedly subjected to yelling and harassment, which lasted approximately 30 days. Additionally, he complains that he has been repeatedly threatened with solitary confinement and has been placed in solitary confinement several times.

Also, the plaintiff recounts a 3-day delay in getting to see a doctor when he was feeling bad. On the day of the appointment, he was allegedly being ignored while other inmates were being attended to "until I began screaming through the door." Defendant Sgt. Reynolds then yelled, "Why are you making so much noise," and on the way to his appointment, Reynolds "began harassing me, and antagonizing as well as taunting me with comments like 'you're a big baby' and 'why do you whine so much.'"

Defendant Robinson "continued taunting" him on one occasion by referring to a conversation between the plaintiff and Defendant Missy,

> . . . in which we agreed that my behavior would change towards the guards and I could get what I needed . I explained that I was being provoked by the guards and she stated that my complaints and the staffs complaints verified a conflict of interest, and my disagreeing with the guards was causing all the problems.

Record No. 1, attached pages.

2

Besides these incidents of "harassment" by the staff, the plaintiff also complains of other conditions to which he is subjected at the Woodford County Detention Center. These include "food problems," in that he is a Muslim and lactose intolerant and the food he has gotten sometimes has not been appropriate to his diet. Additionally, he has general complaints. The facility is allegedly overcrowded, forcing some inmates to sleep on the floor. He does not complain that he is one of the inmates sleeping on the floor, however. Similarly, he complains that there is not a physician or nurse on duty all of the time; he must see a physician's assistant; he was charged $10.00 to see a doctor for a cold. "Currently there is some bacterial infection going around this facility" and county, state, and federal prisoners are all being housed together.

The plaintiff claims to have written numerous grievances and letters, but either he gets no response or a delayed response. "[W]hen complaint are [sic] made staff and administration uses stall tactics to keep complaints from being dealt with."

## DISCUSSION

Even accepting as true that the plaintiff exhausted whatever administrative remedies were available to him, the Court finds that the plaintiff has failed to state a claim upon which this Court may grant relief. Plaintiff Lewis alleges that he has been subjected to cruel and unusual punishment in violation of the Eighth Amendment, but describes no conditions which are either cruel or unusual in a custodial setting.

Under the Eighth Amendment, punishment of a convicted criminal must be "barbarous" or contravene society's "evolving standards of decency" to constitute cruel and unusual punishment. *Rhodes v. Chapman*, 452 U.S. 337, 345 (1981). Prison officials are prohibited from punishing in a manner involving the "unnecessary and wanton infliction of pain." *Moore v. Holbrook*, 2 F.3d 697,

3

700 (6th Cir. 1993) (citing *Ingraham v. Wright*, 430 U.S. 651, 670 (1977) (quoting *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)); *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes v. Chapman*, 452 U.S. at 346).

The instant plaintiff's allegations fall far short of enabling this court to see "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348. Missing one meal and having complaints about the taste and temperature of jail food cannot be said to rise to this standard. The offending conduct must be wanton and constitute "malicious and sadistic acts whose very purpose is to inflict harm." *Moore*, 2 F.3d at 700. The plaintiff's allegations herein falling far short of these standards, the instant complaint must be dismissed for failure to state a claim. 28 U.S.C. §1915(b)(1).

Another closely related issue is whether the prisoner-plaintiff has alleged any injury caused by the defendants' complained-of conduct. Federal courts are not to interfere whenever prisoners are inconvenienced or suffer *de minimis* injuries. *De Mallory v. Cullen*, 855 F.2d 442, 445 (7th Cir. 1988) (correctional officer spitting on prisoner does not rise to level of constitutional violation); *Holloway v. Gunnell*, 685 F.2d 150 (5th Cir. 1985) (no claim stated where prisoner was forced to spend two days in hot, dirty cell with no water); *Miles v. Konvalenka*, 791 F. Supp. 212 (N.D. Ill. 1992) (single instance of finding mouse in food not actionable); *Evans v. Fogg*, 466 F. Supp. 949 (S.D.N.Y. 1979) (no claim stated by prisoner confined for 24 hours in refuse-strewn cell and for two days in flooded cell).

The plaintiff herein has not alleged any type of physical injury resulting from the deprivations of which he complains. "Jurisdiction depends upon a finding that plaintiff 'has suffered "some threatened or actual injury resulting from the putatively illegal action . . . .""" *Briggs v. Ohio*

4

*Elections Comm'n.*, 61 F.3d 487, 491 (6th Cir. 1995) (citing *Warth v. Seldin*, 422 U.S. 490, 499 (1975) (quoting *Linda R.S. v. Richard D.*, 410 U.S. 614, 617 (1973))).

Therefore, even if the plaintiff's allegations about the conditions of his confinement had reached the level of asserting a constitutional claim, he has failed to state how the defendants' conduct or the detention center's environment have detrimentally affected him in any way, objectively or subjectively. Thus, dismissal would also be appropriate for this reason alone.

## WARNING

This case is the second §1983 complaint which the instant plaintiff filed in this Court and the second to be dismissed, *sua sponte*, for his failure to state a cognizable claim. *See Lewis v. John Rampulla, et al.*, Lex. No. 04-CV-434-JBC. Therefore, the Court will put the prisoner on notice of the dangers of filing actions with broad allegations which cannot survive the Court's screening. Congress has provided as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. §1915(g).

Clearly, the instant plaintiff has, as of today, on at least two occasions while incarcerated or detained in a facility, brought actions that were dismissed for failure to state a claim, a ground listed in the statute. Therefore, the plaintiff shall be put on notice that because the instant action will be dismissed for failure to state a claim, pursuant to 28 U.S.C. §1915(e), he may file only one more such action before he will be forever barred by 28 U.S.C. §1915(g), unless under imminent danger

of serious physical injury.

## CONCLUSION

Accordingly, the Court being advised, **IT IS HEREBY ORDERED** as follows:

(1)     The plaintiff is on **NOTICE** hereafter of the terms of 28 U.S.C. §1915(g) and the fact that this Court has found that he has now had two of the three cases permitted him; and

(2)     this action will be **DISMISSED**, *sua sponte,* from the docket of the Court and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the defendants.

This the  3d  day of October, 2005.

*[signature]*
JOSEPH M. HOOD, CHIEF JUDGE

Date of Entry and Service: